L. A. HENLEY ET AL., Appellants, **v.** S. W. KINLEY ET AL., Respondents.

### June 24, 1884.

RECORD — EVIDENCE — JUDGE'S MEMORANDUM. — The judge's memorandum on his trial docket is not a part of the record, and can not, at a subsequent term, be used to contradict the record entry of the judgment, which is conclusive.

APPEAL from the St. Louis County Circuit Court, ED-WARDS, J.

*Affirmed.*

M. F. TAYLOR, for the appellants: The clerk having entered up a judgment not rendered by the court, the entry may be so amended as to correspond to the facts even at a subsequent term. — *Fletcher* v. *Coombs*, 58 Mo. 430; *Jones* v. *Hart*, 60 Mo. 350; *Balkins* v. *Rhodes*, 76 Mo. 676; *Woodridge* v. *Quinn*, 70 Mo. 370.

H. D. WOOD and J. W. McELHINNEY for the respondents: The judge's memorandum could not remove the presumption in favor of the record. — *Allen* v. *Sales*, 56 Mo. 28; *Woolridge* v. *Quinn*, 70 Mo. 370; *Jones* v. *Hart*, 60 Mo. 351; see *Robertson* v. *Neal*, 60 Mo. 579.

LEWIS, P. J., delivered the opinion of the court.

The record shows the following facts: The plaintiffs filed their petition praying that certain conveyances be set aside for fraud. Two of the four defendants answered,

setting up, among other defences, a plea of *res judicata*.
The plaintiffs demurred to this defence, and filed a reply to
other matters contained in the answer.   The court over-
ruled the demurrer; " and thereupon the plaintiffs, by their
attorneys, electing to abide by their said demurrer, say
they will not further plead or reply to the said answer.   It
is therefore ordered, adjudged, and decreed by the court
that the bill of plaintiffs be dismissed, that the said plain-
tiffs take nothing by their said suit," etc.   *   *   *   Such
is the entry of final judgment.   At the next subsequent
term of the court, the plaintiffs filed their motion for an
amendment of the record, so as to make it show that the
demurrer was sustained, instead of being overruled, and
that no judgment was rendered against the plaintiffs, as
recorded.   In support of this motion, it was shown that,
on the judge's docket opposite the entry of the demurrer,
the memorandum " sust." appeared in the handwriting of
the judge, and that this was the customary formula for
indicating his conclusions when a demurrer was sustained.
Against the plaintiffs' objections, the defendants were per-
mitted to prove by one of the attorneys for the plaintiff,
that, as such attorney, he had agreed with the defendants'
counsel before the decision upon the demurrer, that that
decision should determine the cause, and that a final judg-
ment should be rendered, to follow the disposition of the
demurrer.   The court overruled the motion and the plain-
tiffs appealed.

The statement of the controversy seems to announce its
only possible conclusion.   The judge's memorandum on
the docket was no record, or any part of a record.   As
evidence, it was entitled to no more weight than his oral
statement would have, after the event.   In arraying this
against the highest form of evidence, the traditional verity
of the record seems to have been lost sight of.   The
record was conclusive, and could not be thus contradicted
at a subsequent term.   The plaintiffs were not prejudiced

by the admission of the attorney's testimony.   The case against the motion was fully made without it, and its only tendency was to sustain the record.

The plaintiffs contend that, as a proposition of law, the demurrer ought to have been sustained; from which it follows that the record should have been amended, so as to show that it was sustained.   If the proposition of law be correct, then there was error in the judgment of the court. But error can not be corrected by impeaching its record. An appeal, or writ of error, is the instrumentality for such a purpose.   The judgment is affirmed.   All the judges concur.