STATE OF MISSOURI EX REL. T. J. ROBBINS, RELATOR, v. ROBERT L. GIDEON, JUDGE, RESPONDENT.—— S. W. (2d) —.

Springfield Court of Appeals, December 24, 1934.

*G. W. Rogers* for relator.

*J. L. Bess* and *E. M. Wright* for respondent.

BAILEY, J.—This is an original proceeding by *certiorari* instituted in this court by relator to quash the order of Honorable Robert L. Gideon, Judge of the Circuit Court of Taney County, Missouri, made on the 10th day of June, 1933, setting aside a decree of divorce rendered in favor of relator, plaintiff in the divorce suit, on the 29th day of May, 1933. The petition for the writ is in part as follows: "Relator states that at the regular April term of the Circuit Court of Taney County, Missouri, an order was made by the circuit court on the 3rd day of May, 1933, adjourning said term of court until the 10th day of June, 1933.

"That on the 29th day of May, 1933, the Honorable Robert L. Gideon, Judge of the Circuit Court of Taney County, called a special term of the circuit court for the purpose of trying a certain cause of action wherein T. J. Robbins was plaintiff and Grace Robbins was defendant, the said cause of action being an action for a divorce.

"That at said term of court, your relator herein, being the plain-

tiff in said cause of action, filed his petition and the defendant filed a waiver of service and an agreement that said cause may be tried at said special term of court.

"That the respondent, after having seen the petition and waiver of service and hearing the evidence on the part of the plaintiff, rendered a decree of divorce in favor of the plaintiff.

"That after said decree was rendered, an order was made adjourning said term of court.

"That on the 10th day of June, 1933, the Circuit Court of Taney County met pursuant to its adjournment of May 3, 1933.

"That at said adjourned term of court, on the 10th day of June, 1933, the defendant, Grace Robbins, filed a motion in the Circuit Court of Taney County, asking that the decree rendered at the special term of court on May 29, 1933, be set aside.

"That no notice of the filing of said motion and the hearing of the motion was ever served upon the plaintiff.

"That the court, upon hearing said motion, without notice to the plaintiff, made an order setting aside the decree.

"That the relator was not given an opportunity to be heard and has no remedy by appeal to this or any other court.

"That the plaintiff, since the decree of divorce was rendered, has remarried and a criminal prosecution for bigamy has been filed against the plaintiff, the relator herein in the Circuit Court of Howell County, Missouri, and your relator herein faces criminal prosecution in any county in which he may live with his present wife.

"That the defendant, Grace Robbins, has filed an action for divorce against your relator in the Circuit Court of Howell County, Missouri, and said action is now pending.

"That the action of the Honorable Robert L. Gideon, Judge of the Circuit Court of Taney County, Missouri, in setting aside the decree of divorce rendered at the special term of said court after said term had adjourned was void, and that relator herein has no other adequate remedy at law."

The record in this case shows that on May 3, 1933, the regular April term, 1933, of the Circuit Court of Taney County was adjourned until June 10, 1933, and that on the 29th day of May, 1933, a special term of the Taney County Circuit Court was held. The record does not show that a written order calling said special term was filed with the clerk of the court. The only record in regard to the holding said special term of court is as follows: "Be it remembered that a special term of the Taney County, Missouri Circuit Court was begun and holden on Monday, the 29th day of May, 1933, in the court house in the town of Forsyth, Missouri, Taney County, the county seat of Taney County, in the Thirty-first Judicial Circuit of the State of Missouri, it being a special term called by Honorable Robert L. Gideon, Judge of the Thirty-first Judicial

Circuit of the State of Missouri, and judge of this court for the purpose of trying the cause of T. J. Robbins, plaintiff, against Grace Robbins, defendant in an action for divorce. At which time and place there were present Honorable Robert L. Gideon, Judge of the thirty-first Judicial Circuit of the State of Missouri, and judge of this court; and the following officers of said court, viz: W. L. Pumphrey, Sheriff of Taney County, Missouri, and Arter Johnson, clerk of said court. When and where the following proceedings were had and made matters of record.''

Following this in the record is the decree of divorce in which it is set forth that defendant therein had entered her appearance and waived service of process. This waiver of service was in writing, duly filed with the clerk, and is as follows:

''Now comes Grace Robbins, defendant in the above entitled cause and waives issuance of a summons herein; waives the necessity of service thereof by an officer; acknowledges service thereof; waives all question of jurisdiction of the court to hear and determine this matter; enters her appearance in said cause and agrees that said cause may be tried at any regular, adjourned, or special term of the circuit court in any county in the Thirty-first Judicial Circuit of Missouri.

''GRACE ROBBINS, x.''

At the adjourned term held on June 10, 1933, defendant in said divorce suit, respondent herein, filed her motion to set aside said decree of divorce, setting up fraud in the procuring of the waiver of service, duress, condonment, failure to mention an infant child of the marriage in the divorce petition and other matters. Thereafter, and on the same day, the court sustained the motion setting aside the decree of divorce. The sole question now presented to this court is whether or not the Circuit Court of Taney County had the power or jurisdiction to sustain the motion setting aside said decree of divorce rendered at the special term held on May 29, 1933.

The statute authorizing the circuit court to call a special term in vacation was enacted in 1921 (see Laws 1921, p. 254), now Section 1852, Revised Statutes of Missouri, 1929. The law reads as follows:

''The judge of any circuit or criminal court, whenever in his opinion the public good requires, or whenever it is necessary for the dispatch of business, may, by written order filed with the clerk, call a special term of such court for the trial or other disposition of any civil or criminal cause or matter pending therein. At such term the court may exercise its ordinary and usual jurisdiction in all cases wherein the parties have been given five days previous notice in writing of the calling of such term to be given by the judge or clerk and served upon the parties or their attorneys or agents in the manner provided by Section 758, and likewise in all causes and matters where such notice is waived.''

It will be noted that the above statute requires the order of the circuit court calling such special term to be in writing and filed with the clerk of the court. The record in this cause is silent on that question except that the decree itself recites the fact that the special term was called by the judge of the circuit court. In the absence of any showing to the contrary in the record, the law will presume that all matters necessary to confer jurisdiction on the court existed at the time and therefore that the special term was properly called. [State v. Fulton, 152 Mo. App. 345, 133 S. W. 95 (opinion adopted by St. Louis Court of Appeals, 184 S. W. 938).]

The said statute further sets forth that the court may exercise its ordinary jurisdiction at such special term in, "all cases wherein the parties have been given five days previous notice in writing of the calling of such term;" such notice to be given by the judge 'or clerk and served as other written notices are required to be served. While the law will presume that such notice was given when the record is silent in regard thereto, we are of the opinion such presumption will not lie in this case. The record itself shows that the divorce suit was not filed until May 29, 1934, and was tried on that day. The special term purports, according to the record, to have been called for the purpose of trying the case of Robins v. Robbins, the case in question, and certainly it will not be presumed that the court or clerk gave five days notice of the calling of a special term of court to try a case that had not then been instituted. [Carter v. Carter, 141 S. W. 873, 237 Mo. 624.]

However, the trial court is also given jurisdiction in all cases "where such notice is waived." The trial court evidently relied upon the waiver signed by respondent in assuming jurisdiction in the trial of the divorce case. The waiver, heretofore set forth, is broad enough to permit the plaintiff in the divorce suit to file the suit in any county of the circuit, anytime, without any notice, service of any character, and further waives all questions of jurisdiction and agrees that the cause may be tried at any regular, special or adjourned term. It was alleged in the motion to set aside the decree that this waiver was obtained by fraud and duress. With that we are not concerned in this action. If such be true the law does not leave plaintiff without a remedy. [McDonald v. McDonald, 175 Mo. App. 513, 161 S. W. 850.]

Here we are concerned only with the question as to whether the trial court had jurisdiction over the person of defendant in the divorce suit at the time the decree was rendered. It will be noted from a reading of the waiver heretofore set out, that it purports to waive all questions of jurisdiction. However, no mention is made of waiver of notice of the holding of a special term. The trial court has jurisdiction, in the absence of such notice, only when the parties to the cause of action waive such notice. We think no favor-

able presumption should prevail in aid of a waiver of the kind and character here shown, but that it should be strictly limited to its specific terms. But more than that, we are of the opinion that the waiver here in question should be held to be absolutely void as against public policy. Such a waiver, even if bona fide made, smacks strongly of collusion. By its terms plaintiff in the contemplated divorce suit was in effect given a *carte blanche'* authority to bring a divorce suit against respondent as to which she would be entitled to no notice of either the time or place with no opportunity to be heard. It amounted to an agreement that respondent would not appear or make any defense whatever against any divorce suit plaintiff, at his pleasure, might see fit to bring. We think such a waiver falls within the rule so firmly set forth in Blank v. Nohl, 112 Mo. 159, l. c. 169, wherein it is said: "The authorities are numerous to the effect that any agreement that the defendant in a divorce suit will not make a defense, or having for its object the dissolution of a marriage contract, or designed to promote and facilitate a divorce, is void, because opposed to the policy of the law; and any promise founded on such an agreement is also void, and should not be enforced." [Citing authorities.] The foregoing statement of the law has been followed many times. [McDonald v. McDonald (supra), 175 Mo. App. 513; Westfall v. Westfall, 208 Mo. App. 656, 236 S. W. 393; Jones v. Jones, 30 S. W. (2d) 49.]

It may be said that the cases above referred to involved the enforcement of contracts based upon agreements collusive in their nature and therefore void, but that in the case at bar there is no attempt to enforce such a contract. In reply to that we say that the procuring of a divorce by such an arrangement is similar in effect to an attempt to enforce a contract based upon a void agreement, and that the one is as void as the other. We do not mean to hold that a party to a divorce suit may not waive service of process and enter their appearance; nor is the defendant in a divorce suit bound to defend the action.

We do hold, however, that in the interest of good morals and the public welfare, a waiver that permits the filing of a divorce suit at anytime, in any county embraced within a circuit, and further permits a court at any term, regular or special, without notice of any kind on the defendant, to hear such suit, and grant a divorce upon a petition never served upon the defendant (a defendant never in court or represented by counsel), should be held to be void. Therefore, such waiver would afford no foundation for the trial court to assume jurisdiction over the person of such defendant. It may also be said that while it is true a decree of divorce may not be reviewed or set aside on motion after the term at which such decree was entered, such rule does not apply when the trial court had no juris-

diction óf the cause *ab initio*. [State ex rel. Coonley v. Hall, 246 S. W. 35, 296 Mo. l. c. 213.]

For the reasons stated our writ heretofore issued should be quashed. It is so ordered. *Allen, P. J.*, and *Smith, J.*, concur.