**Phillip T. WENZEL, (Plaintiff)
Respondent,**

**v.**

**Miriam L. WENZEL, (Defendant)
Appellant.**

**No. 29302.**

St. Louis Court of Appeals. Missouri.

Nov. 15, 1955.

Robert D. Corley, St. Louis, for appellant.

Richard M. Stout, Joyce I. Pueser, St. Louis, for respondent.

HOUSER, Commissioner.

This is an appeal from an order of the Circuit Court of the City of St. Louis sustaining a motion to dismiss and dismissing with prejudice a motion to set aside a divorce decree.

On June 5, 1950 Phillip T. Wenzel filed a petition for divorce alleging, among other things, the date and place of his marriage to Miriam L. Wenzel and the fact that one child was born of the marriage. Service was had upon defendant by mail and by personal service outside the state. The insanity of defendant was suggested. A duly appointed guardian ad litem filed an answer for her denying all allegations of the petition except that alleging "that there was one child born of said marriage," which was admitted. A hearing resulted in the entry of a default decree of divorce to plaintiff on September 18, 1950.

On October 12, 1954 defendant Miriam L. Wenzel filed a motion to set aside the decree of divorce, based upon the following grounds pertinent to this appeal:

"6. Said Decree of Divorce was inconsistent with the evidence presented and with the findings of the Court, in the following respects:

"a. No evidence was presented by plaintiff which constituted grounds for divorce as defined by Section 452.010 of the Revised Statutes of Missouri [V.A. M.S.].

"b. The Court found that the marriage of plaintiff and defendant was void ab initio, and thereby a nullity, but nevertheless entered its Decree purporting to dissolve said marriage.

"8. This Court had no jurisdiction to render said Decree of Divorce because the Court found that no marriage existed; whereas Section 452.010 of the Revised Statutes of Missouri [V. A.M.S.] extends jurisdiction to render a Decree of Divorce only where a marriage exists.

"9. This Court had no jurisdiction to render said Decree of Divorce because Service upon defendant was had pursuant to Section 506.160 of the Revised Statutes of Missouri [V.A.M.S.], which allows service upon a non-resident defendant when a res or status exists within the jurisdiction of the Court; whereas the Court found that no such res or status did exist."

Plaintiff filed a motion to dismiss defendant's motion to set aside the divorce decree, on the following grounds:

"1. The Court is without jurisdiction of the subject matter of the said motion.

"2. Said motion does not state a cause of action upon which any relief can be granted.

"3. The time for filing a motion for a new trial has long since elapsed.

"4. Said motion is in the nature of a Bill of Review and is not permitted under the laws of Missouri.

"5. It affirmatively appears from said motion that if all of the facts stated in said motion were true, then the marriage of the parties was null and void from its inception and therefore the question presented by defendant's said motion to dismiss is moot and is not a justiciable one."

The circuit court sustained plaintiff's motion to dismiss and entered judgment dismissing with prejudice defendant's motion to set aside, whereupon defendant duly appealed to this court.

■ Plaintiff-respondent has filed a motion to dismiss the appeal, first urging that defendant-appellant failed to comply with Supreme Court Rule 1.08, 42 V.A.M.S. in various particulars. Minor infractions are noted but they are not sufficiently important to cause any considerable inconvenience to the court or sufficiently meritorious to warrant either dismissal or exhaustive analysis. It is next asserted that the notice of appeal was prematurely filed, without leave, nine days after judgment; that no motion for new trial was filed in the circuit court; that this court acquired no jurisdiction of the appeal. Supreme Court Rule 3.24(b), effective September 1, 1954, provides that:

"In any case in which a notice of appeal has been filed prematurely, such notice shall be considered as filed immediately after the time the judgment becomes final for the purpose of appeal."

The motion to dismiss the appeal should be overruled.

■ The first question on this appeal is the propriety and timeliness of the remedy adopted by defendant. Defendant's motion to set aside the decree is not a statutory motion to set aside a judgment under § 511.250 RSMo 1949, V.A.M.S., because it does not strike at an "irregularity," and it was not made within three years after the term at which it was rendered. Section 511.250, supra, has no application where it is claimed that the judgment was wholly void ab initio. Smethers v. Smethers, Mo. App., 263 S.W.2d 60. It is not a petition for a review under § 511.170 RSMo 1949, V.A. M.S., because it appears from the record that defendant was properly summoned, and duly appeared by a properly appointed guardian ad litem. It is not a motion in the nature of an application for a writ of error coram nobis, the requisites of which are set forth in Jeude v. Sims, 258 Mo. 26, 166 S.W. 1048 and Cross v. Gould, 131 Mo.App. 585, 110 S.W. 672. It is not a bill in equity to set aside a judgment for fraud, etc.

■ Defendant's motion to set aside the decree is an after-term, direct attack in the same cause upon the jurisdiction of the court ab initio to render the particular judgment in the particular case. By it defendant does not seek to have a voidable judgment voided, but seeks to vacate a judgment which she contends was a nullity, wholly void from the beginning, for fundamental lack of jurisdiction.

Decisions by the Supreme Court and by each of the courts of appeals approve and sustain this procedure. State ex rel. Coonley v. Hall, 296 Mo. 201, 246 S.W. 35; State ex rel. Green v. James, 355 Mo. 223, 195 S.W.2d 669; Orrick v. Orrick, Mo.App., 233 S.W.2d 826; Smethers v. Smethers, supra; State ex rel. Robbins v. Gideon, 228 Mo.App. 1023, 77 S.W.2d 647; Cox v. Cox, Mo.App., 115 S.W.2d 104; Nave v. Nave, 28 Mo.App. 505; Dickey v. Dickey, Mo. App., 132 S.W.2d 1026. And see 49 C.J.S., Judgments, § 230 b, p. 444; Id., § 288, pp. 523, 524; 31 Am.Jur., Judgments, § 764, p. 301. In State ex rel. Green v. James, supra, Hyde, J., referring to State ex rel. Coonley v. Hall, supra, said, 195 S.W.2d loc. cit. 673:

"As therein held, a motion to vacate is a proper remedy to call into question the jurisdiction of the court ab initio so that where the court was without jurisdiction of the parties or the subject matter, and its decree was therefore a nullity, such a motion could be determined even though filed at a subsequent term."

In Cox v. Cox, supra, the rule was thus expressed by Fulbright, J., 115 S.W.2d loc. cit. 105:

"While it is true a decree of divorce may not be reviewed or set aside on motion after the expiration of the term of court at which such decree was rendered, such rule does not apply when it appears from the record that the court had no jurisdiction of the cause at the time the decree was rendered."

In Dickey v. Dickey, supra, this court said, 132 S.W.2d loc. cit. 1032:

"* * * To this extent the order was void on its face; it was a mere nullity, not binding on defendant or serving in any way to impair her rights under the original decree; and to the extent that it was void on its face by reason of the jurisdictional defect pointed out, the court had both the inherent power and the duty to vacate and set the same aside when petitioned to do so at the August, 1938, [a subsequent] term. (Citing cases.)" (Parentheses ours.)

Earlier, in Nave v. Nave, supra, 28 Mo. App. loc. cit. 510, we said:

"If the court had no jurisdiction of the cause its decree was a nullity and should be set aside."

■ Plaintiff's contention that defendant's motion was untimely (it having been filed more than four years after the divorce decree was rendered) cannot be sustained. The power to vacate such a judgment ordinarily is not lost by the mere lapse of time. In Nave v. Nave, supra, 28 Mo.App.

loc. cit. 510, immediately following the last quotation, we said:

"Neither the lapse of time, nor evil results following, could prevent this."

This language was approved in State ex rel. Coonley v. Hall, supra, and Orrick v. Orrick, supra. In Dickey v. Dickey, supra, 132 S.W.2d loc. cit. 1033, we said:

"* * * and since the order * * * was void on its face for want of jurisdiction, mere lapse of time could not have affected the status of the order which the court was powerless to have entered in the first instance."

In Smethers v. Smethers, supra, 263 S.W. 2d loc. cit. 62, wherein a motion to vacate was filed more than three years after the original judgment became final, the Kansas City Court of Appeals, through Broaddus, J., approved our statement in Simplex Paper Corporation v. Standard Corrugated Box Co., 231 Mo.App. 764, 97 S.W.2d 862, as follows:

" 'The rule in Missouri is to the effect that, where a judgment is rendered in an action where the court has no jurisdiction, it is void ab initio and may be attacked by anybody at any time.' "

And see Annotation: 22 A.L.R.2d 1325, supplementing Annotation: 157 A.L.R. 60; 49 C.J.S., Judgments, § 288, p. 523.

■ Nor is the motion barred by § 452.-110 RSMo 1949, V.A.M.S., which provides that no petition for review of any judgment for divorce shall be allowed. That section does not apply where the court nisi was devoid of jurisdiction ab initio. State ex rel. Coonley v. Hall, supra; Orrick v. Orrick, supra; Nave v. Nave, supra.

Defendant having adopted the proper procedure, the next question is whether defendant's motion to set aside stated a claim upon which relief could be granted. In essence it charged that the court did not have jurisdiction for the reason that the court found that no marriage or marriage

res or status existed; that the court found that the marriage was void ab initio and that, inconsistently, the court purported to dissolve a non-existent marriage.

■ If, indeed, no valid and subsisting marriage relation or status existed between plaintiff and defendant and if the court made a finding of record in the case to that effect, the court would be powerless to grant a decree of divorce and its purported decree would be a nullity, for the reason that divorce is predicated upon and presupposes the existence of a valid marriage. 27 C.J.S., Divorce, § 1, p. 521; Id., § 54, p. 596; 17 Am.Jur., Divorce and Separation, §§ 2, 3, 172, pp. 147, 148, 237; 2 Schouler, Marriage and Divorce, 6th Ed., § 1153, p. 1412.[1] The findings of a court must be of a character sufficient to support the judgment rendered. 49 C.J.S., Judgments, § 45, p. 106. A judgment cannot stand when it is based upon findings of fact of record which are antagonistic, inconsistent, or contradictory, or upon conclusions of law which are at variance with the findings of fact. Buschow Lumber Co. v. Union Pac. R. Co., Mo.App., 276 S.W. 409, loc. cit. 414. If the court made and entered of record a contradictory finding of fact as set forth in defendant's motion and of equal dignity and importing equal verity as the jurisdictional recitals in the judgment, such record finding would countervail and invalidate the judgment. Ray v. Ray, 330 Mo. 530, 50 S.W.2d 142; Kunzi v. Hickman, 243 Mo. 103, 147 S.W. 1002; Stark v. Kirchgraber, 186 Mo. 633, 85 S.W. 868; Feurt v. Caster, 174 Mo. 289, 73 S.W. 576; Cloud v. Inhabitants of Town of Pierce City, 86 Mo. 357. While the judgment might be impeached by other parts of the record of the kind and character indicated, it could not be impeached by extraneous evidence, Young v. Parker,

355 Mo. 245, 195 S.W.2d 743; Sisk v. Wilkinson, 305 Mo. 328, 265 S.W. 536, or by oral findings [2] or even a written memorandum of the trial judge to the contrary, Hammond v. Crown Coach Co., Mo.Sup., 263 S.W.2d 362, and cases cited, or by the judge's minutes or memoranda made by him on his trial docket. Henley v. Kinley, 16 Mo.App. 176; Stimson v. Cathedral Mining & Smelting Co., 264 Mo. 190, 174 S.W. 420; Raymond v. Love, 192 Mo.App. 396, 180 S.W. 1054.

The ultimate and critical question, therefore, is whether the several allegations of defendant's motion that the court "found" that no marriage existed; "found" that the marriage was void ab initio, and "found" that no such res or status existed, constituted good and sufficient allegations that the court made such findings of fact as a matter of record of equal dignity and importing equal verity as the jurisdictional recitals in the judgment.

■ Plaintiff's motion to dismiss had the same legal effect as a demurrer under the former practice, so that well-pleaded facts of defendant's motion to set aside the decree were to be treated as confessed and as constituting the facts of the case. State ex rel. Public Water Supply Dist. No. 7, Jackson County v. James, 361 Mo. 814, 237 S.W.2d 113. See also Leone v. Bilyeu, Mo. App., 231 S.W.2d 265, modified 361 Mo. 974, 238 S.W.2d 317; State ex rel. State Highway Commission v. Shultz, Mo.App., 243 S.W.2d 808.

■ In our considered judgment the allegations are insufficient and constitute nothing more than conclusions of the pleader. The motion does not allege the nature or character of the finding, i. e., whether the court made the finding orally, in a written memorandum, by way of a written

1. A necessary exception should be noted, i. e., where the other contracting party had a wife or husband living at the time of the marriage. Section 452.010 RSMo 1949, V.A.M.S.

2. An oral statement by the trial judge analyzing the evidence which led to the

rendition of the judgment, Griffith v. Griffith, Mo.App., 180 S.W. 411, or a verbal finding on his part during the course of the trial, is of no legal significance and is to be disregarded, for a court speaks only through its judgment. In re Oberman's Estate, Mo.App., 281 S.W.2d 549; authorities, supra.

memorandum in the judge's minutes, or by a recital of record of equal dignity and importing equal verity as the jurisdictional recitals in the judgment. It is vague and general, and naught but a conclusion. A motion to dismiss in the nature of a demurrer under the former practice does not admit conclusions as true. Bernhardt v. Long, 357 Mo. 427, 209 S.W.2d 112; Jewell Realty Co. v. Dierks, 322 Mo. 1064, 18 S.W.2d 1043. The trial court properly dismissed defendant's motion for insufficient statement of a claim upon which relief could be granted.

■ There are other reasons why we cannot convict the trial court of error. In the transcript on appeal, lodged here by defendant, she has incorporated the entire record in the case. In her brief defendant has referred us to the record proper. Defendant's counsel in arguing the case not only referred to the whole record but also revealed that the evidence he would present to the trial court upon remand of the motion to set aside would be that the trial court made an oral statement during the trial of the divorce case that the marriage never existed and was null and void ab initio. Counsel has thus opened the entire record for review by the appellate court, and is confronted with the rule that a motion to dismiss does not admit any allegation contradicting matters which appear certain on the record. 71 C.J.S., Pleading, § 261, p. 523, footnote 39 and cases cited. In the instant case the record, beginning with the petition and ending with the decree of divorce, discloses no lack of jurisdiction. Quite to the contrary, the petition states all of the necessary jurisdictional facts, including the allegation that the parties were married; defendant was duly served with summons by registered mail, and also with summons by personal service outside the State of Missouri, upon proper allegations in the verified petition, together with proper orders, service and returns, and an answer was filed by a properly appointed guardian ad litem. The decree of divorce recites a submission to the court upon the pleadings and proof and a finding that the court is satisfied that plaintiff was an inno-

cent and injured party "and entitled to the relief prayed for in his petition," and adjudges that he be divorced *"from the bonds of matrimony existing between him and the defendant,* and that he be restored to all the rights and privileges of an unmarried person." (Emphasis ours). Not only did the necessary jurisdictional facts appear of record; not only were they found by the court to exist, but also the court, by express recital in its decree, found that the bonds of matrimony existed as between the parties.

This recital is presumed to be true and correct and imports absolute verity unless contradicted by other parts of the record, 49 C.J.S., Judgments, § 437, p. 869, of equal dignity and importing equal verity as the judgment.

■ Furthermore, by revealing that the only evidence to impeach the solemn judgment is the oral trial statement of the judge, which, as we have seen above, is wholly insufficient to impeach a judgment, defendant's counsel has demonstrated that in any event it would be a futile and useless thing to remand defendant's motion for a trial on the merits. In Richards Brick Co. v. Wright, 231 Mo.App. 946, 82 S.W.2d 274, this court used language apropos of the instant situation, 82 S.W.2d loc. cit. 279:

"In other words, if the parties in the presentation of the case in this court have expressly or impliedly conceded the existence of the facts which would support the court's order and decision dismissing the cause, then it would be a useless thing to send the case back for a rehearing to the sole end that the identical result might be again reached, but by a proper procedure. Of course the parties, by conceding facts in an appellate court, ought not to be permitted to convict the trial court of error in connection with a ruling otherwise correct; but if, in the light of conceded facts, the trial court's ruling, though erroneous upon the ground assigned by the court, is nevertheless to be affirmed upon the theory that in any event the court arrived at a correct

result in the case, then the rights of no one are prejudiced by such affirmance, and the appellate court but gives expression to the doctrine that the law will not require the doing of a useless thing."

 The action of the trial court was also proper for the reason that defendant's motion did not allege any *facts* showing that defendant had a good and meritorious defense to the action. It alleged that defendant "had a good and meritorious defense to the action," but this was a mere conclusion. The facts constituting the proposed defense must be set forth in detail so that the court may judge whether it is meritorious and sufficient. Meyerhardt v. Fredman, Mo.App., 131 S.W.2d 916; 49 C.J.S., Judgments, § 290 b, pp. 537, 538.

 Yet another rule bars the maintenance of defendant's motion in view of the state of the record, namely, the rule that where the necessary jurisdictional facts appear of record and are found by the court to exist the opposing party in a divorce suit is precluded from showing that they did not exist as a matter of fact, *except upon proceedings by appeal*. Hansford v. Hansford, 34 Mo.App. 262, loc. cit. 271.

Accordingly, the circuit court having properly dismissed defendant's motion to set aside the decree, its order should be affirmed, and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

Accordingly, plaintiff's motion to dismiss the appeal is hereby overruled, and the order of the circuit court sustaining plaintiff's motion to dismiss defendant's motion to set aside, and dismissing defendant's motion to set aside the decree of divorce with prejudice, is hereby affirmed.

ANDERSON, P. J., MATTHES, J., and SAM C. BLAIR, Special Judge, concur.