The State ex rel. Scott v. Smith.

---

THE STATE *ex rel.* SCOTT v. SMITH *et al., Judges of Kansas City Court of Appeals.*

DIVISION ONE.

1. **Jurisdiction.** By jurisdiction of the subject-matter of a cause is meant jurisdiction over the general class of actions to which it belongs.

2. ———: COURT OF APPEALS : WRIT OF ERROR. Where a court of appeals has jurisdiction of the subject-matter of an action, the question whether the writ of error therein was issued within the statutory period is one peculiarly for that court to decide, and its ruling thereon is not reviewable by prohibition.

3. Practice: WRIT OF ERROR : TIME OF TAKING. The date when the motion for a new trial is overruled is to be taken as the starting date in computing the time within which a writ of error may issue, in an action for divorce, under Revised Statutes, 1889, section 4510.

4. Judgment, Finality of : MOTION FOR NEW TRIAL. A judgment is not considered a finality for the purposes of review during the pendency of a motion for a new trial.

*Prohibition.*

PEREMPTORY WRIT DENIED.

THE facts out of which this case arises are in brief the following:

On January 18, 1890, the petitioner obtained a decree for divorce from Barbara Scott, in the circuit court of Cass county, duly entered of record on that day. On January 22, 1890, she filed in that court her motion for a new trial, which was overruled January 31, 1890. On March 22, 1890 (more than sixty days after the judgment was entered of record, but less than sixty days from the time the motion for a new trial was disposed of), Barbara Scott sued out her writ of error from the Kansas City court of appeals to review the decree referred to.

The petitioner filed a motion in that court to dismiss the writ of error, for the reasons that it was not sued out within sixty days after the rendition of the original judgment, and that the court had no jurisdiction or authority to reverse, annul or modify the said judgment. That motion was overruled by that court, April 27, 1891, and the said cause was ordered and adjudged to be reversed and remanded, after hearing in due course.

The petitioner then moved the court of appeals to vacate its order overruling his motion to dismiss, on substantially the same grounds that had been assigned in that motion. The motion to vacate is yet pending in that court.

The other facts appear in the opinion.

*N. M. Givan* for relator.

( 1 ) The Kansas City court of appeals had no jurisdiction or authority to reverse, annul or modify the decree for divorce rendered by the circuit court in this case, for the reason that the writ of error was not issued within sixty days after the judgment was rendered. R. S. 1889, sec. 4510 ; *Judge v. Judge*, 38 Mo. 159 ; R. S. 1889, sec. 2275 ; *Ham v. Schools*, 34 Mo. 181; *Bank v. Reilly*, 8 Mo. App. 544; Freeman on Judgments, secs. 23–25 ; *Neall v. Hill*, 16 Cal. 145 ; 76 Am. Dec. 508. ( 2 ) Prohibition will lie from the supreme court to the Kansas City court of appeals to prevent it from acting in a case of which it has no jurisdiction, and the writ may also require such court to undo what it has already done. Const., secs. 3, 8, art. 6; *State ex rel. v. Court of Appeals*, 97 Mo. 276 ; Lloyd on Prohibition, 12, 67; High, Ex. Leg. Rem., secs. 774, 781 ; *State ex rel. v. Court of Appeals*, 99 Mo. 221 ; *State ex rel. v. Court of Appeals*, 88 Mo. 135 ; *State ex rel. v. Philips*, 96 Mo. 570; *State ex rel. v. Rombauer*, 101 Mo. 499 ; *State ex rel. v. Philips*, 97 Mo. 331; *State ex rel. v. Tracy*, 94 Mo. 217.

*Whitsitt & Jarrott*, *R. T. Railey* and *J. T. Burney* for respondents.

( 1 ) The writ of error from the Kansas City court of appeals, issued within sixty days from the judgment of the Cass circuit court overruling the motion for a new trial, was in time. R. S. 1889, secs. 4510, 2248, 2275; *Thomas v. Thomas*, 64 Mo. 353 ; *Riddlesbarger*

*v. McDaniel*, 38 Mo. 138 ; *Henze v. Railroad*, 71 Mo. 644 ; *Givens v. Van Studdiford*, 86 Mo. 149 ; *Keen v. Schnedler*, 92 Mo. 525 ; *Randolph v. Mauck*, 78 Mo. 468 ; *Hurt v. King*, 24 Mo. App. 596 ; *Nelson v. Withrow*, 14 Mo. App. 273 ; *Bank v. Fletcher*, 15 Mo. App. 274. (2) Relator's object being to compel the court of appeals to grant a rehearing of the case pending before it, and to reverse its judgment therein, he should have asked for a writ of *mandamus* instead of prohibition. (3) The Kansas City court of appeals has jurisdiction of divorce cases, and it is as much its province and duty to decide the preliminary matters of practice relating thereto as to decide the merits of such controversies. It had exclusive appellate jurisdiction of the case of Scott *v.* Scott, and its action and decision thereon cannot legally be controlled by a writ of prohibition from this court. The writ of prohibition should not be used to inquire into alleged errors of the lower courts. *Wertheimer v. Mayor*, 29 Mo. 254; *Wilson v. Berkstresser*, 45 Mo. 285 ; *The State ex rel. v. Court of Appeals*, 87 Mo. 376 ; *The State ex rel. v. Burkhartt*, 87 Mo. 534; *Hagerman v. Sutton*, 91 Mo. 529 ; *State ex rel. v. Valliant*, 13 S. W. Rep. 398.

BARCLAY, J.—This is an application for a rule in prohibition against the judges of the Kansas City court of appeals to stay their exercise of jurisdiction over a cause in that court. The defendants resist the application, and by demurrer claim that no sufficient grounds appear for granting it.

Passing ( without deciding) the question whether the application is not premature, and going directly to the merits, we find that the court of appeals has undoubted appellate jurisdiction of the subject-matter of the action pending there, by which is meant that that court, upon appeal or writ of error, has jurisdiction of causes of the general class to which that action belongs ( *Posthlewaite v. Ghiselin* ( 1889 ), 97 Mo. 420 ), namely, of proceedings for divorce.

The State ex rel. Scott v. Smith.

This being so, the question whether the writ of error (necessary to bring its jurisdiction into play in that particular case) was issued from that court in the time, manner or form allowed by law was one peculiarly for it to determine. In the circumstances disclosed in this instance, we do not regard its ruling thereon as presenting any proper matter for our review in the mode now attempted.

II. But, further than that, the statute on which the petitioner now relies declares that: "No final judgment or order rendered in cases arising under this chapter shall be reversed, annulled or modified, in the supreme or any other court, by appeal or writ of error, unless such appeal shall have been granted during the term of court at which the judgment or order appealed from was rendered, or unless such writ of error shall have been issued within sixty days after the order was made or judgment was rendered." R. S. 1889, sec. 4510.

The writ of error from the court of appeals was issued within sixty days after the order in the circuit court, overruling the motion for new trial, though more than that length of time after the date of the entry of the judgment or decree in that cause.

It has been held, with respect to appeals in other actions, under the statute requiring such appeals to be taken "during the term at which the judgment or decision appealed from was rendered" ( R. S. 1889, sec. 2248), that the term at which the motion for new trial is overruled should be regarded as the term at which the judgment becomes a finality for the purposes of review, though the formal entry of judgment may have been made at a previous term. *Lane v. Kingsberry* ( 1848 ), 11 Mo. 402 ; *Thomas v. Thomas* ( 1876 ), 64 Mo. 353 ; *Givens v. Van Studdiford* ( 1885 ), 86 Mo. 149 ; *State ex rel. v. Philips* ( 1888 ), 96 Mo. 570.

We think that, by analogy to these rulings, the writ of error here in question should be regarded as

having been issued within the period permitted by the statute.

It follows that the demurrer should be sustained, and the application for a rule denied. It is so ordered. SHERWOOD, C. J., concurs in denying the application. BLACK, J., concurs, as stated by him, in a separate opinion. BRACE, J., concurs on the grounds stated in the second paragraph.

### SEPARATE OPINION.

BLACK, J.—This court has no appellate jurisdiction over the Kansas City court of appeals, save where a cause is certified here under section 6 of the amendment to the constitution adopted in 1883. It is true this court has a superintending control over that court by the original remedial writs ; but it is well-settled law that, when that court has jurisdiction over a cause therein pending, its jurisdiction is final, and this court has no right or power to direct and control its judgment by prohibition or otherwise. No principle of law is better settled than this, that prohibition will not be awarded for the simple purpose of correcting errors. If that court steps out of its jurisdiction, then this court may interfere ; but when that court has jurisdiction of a case therein pending on appeal or error, this court has no right to direct what judgment shall be rendered. *State, etc., v. St. Louis Court of Appeals,* 99 Mo. 216.

That the Kansas City court of appeals had full and complete jurisdiction of the case in question pending therein on error must be conceded. It had the right and was·in duty bound to decide every question arising on the record before it. It was as much bound to determine the question whether the writ of error was sued out in due time as it was its duty to decide any other questions in the cause. Its judgment was as final and conclusive upon that question as upon any other question. I do not say that there was any error in the ruling

made by that court upon the question whether the writ of error was sued out in due time, but I do say it is a matter of no consequence whether the court erred upon that question or not; for, if it did err, this court has no right to correct that error by prohibition. The courts of appeal were established for the very purpose of relieving this court of a large class of minor suits, and the constitution gives to them final appellate jurisdiction in all such cases, and their jurisdiction is final. I do not wish to be understood as speaking on this question in any compromising terms, and hence these observations on the present occasion. For these reasons I am also of the opinion the writ should be denied.