M. H. SMITH et al., Respondents, v. PETER JACOBS et al., Appellants.

Kansas City Court of Appeals, December 5, 1898.

1. **Jurisdiction**: ROAD PROCEEDINGS IN TOWNSHIP ORGANIZATION COUNTIES: STATUTE OF 1893: APPEALS. Since the act of March 23, 1893, township boards in counties under township organization have no jurisdiction of proceedings to open new roads and an appeal lies from their judgment attempting to open such road to the county court, and when such appeal is dismissed at remonstrators' cost they may appeal to the circuit court where the entire proceeding should be dismissed and final judgment entered for the remonstrators for their costs.

2. ———: RIGHT OF APPEAL. An appeal lies from a judgment void for the want of jurisdiction.

*Appeal from the Livingston Circuit Court.* —HON. J. A. ALEXANDER, Special Judge.

REVERSED AND REMANDED.

J. M. DAVIS, C. A. LOOMIS, W. W. DAVIS for appellants.

(1) Section 7796 of Revised Statutes 1889 as amended by the Session Acts of 1893, page 222, and section 5, page 224, gives the county court exclusive jurisdiction for the opening and laying out of new

roads, and takes away from the township· board juris-
diction of the same.    Session Acts of 1893, pp. 222,
224.    The judgment of the township board opening
and establishing this road in question, was void for
want of jurisdiction, and the defendant had the right
to appeal from a void judgment, to the circuit court in
order to have the same set aside.    State v. Beiger, 45
Mo. App. 111; Coleman v. Farrar, 112 Mo. 54.

LEWIS A. CHAPMAN for respondents.

(1)    No error was committed by the circuit court
in dismissing the appeal of the appellants.    There was
nothing to appeal from and no law allowing an appeal.
Appellants admit that the so-called township board had
no jurisdiction in road matters.    Both parties admit
that, and we say that there was no law allowing an
appeal.    Session Acts of 1893, pp. 222, 223, 224, par-
ticularly section 5 of the act, on page 224.    (2)    It is
admitted by the appellants that the so-called township
board was without jurisdiction, and we say that not
only did it have no jurisdiction but as it had been
deprived of jurisdiction, there was no law providing
for an appeal.    (3)    We understand that the right to
appeal is purely a statutory right, and if the statute
gave no right there can be no appeal.    The right of
appeal was unknown to the common law.    The term
appeal means the removal of a suit from an inferior to
a superior court.    In re Bauer, 112 Mo. 231.

GILL, J.—In July, 1895, plaintiffs instituted this
proceeding before the township board of Medicine
township, Livingston county, to open a public road
over the land of the defendants.    The latter objected
and filed a remonstrance.    From a judgment of the
township board ordering the road opened, the defend-
ants appealed to the Livingston county court.    When

the case reached the county court two motions seem to have been filed—one by defendants to dismiss the entire proceeding, and the other by plaintiffs praying the county court to dismiss defendants' appeal from the township board to said county court. The county court overruled defendants' motion to dismiss the case and sustained plaintiffs' motion to dismiss defendants' appeal, ordering and adjudging "that the plaintiffs herein recover of the defendants herein their costs in this case expended, and that execution issue therefor." Thereupon (in December, 1896) defendants appealed from the judgment of the county court (dismissing their appeal from the township board) to the circuit court of Livingston county. When the case reached said circuit court (in January, 1897) the plaintiffs filed their motion asking said circuit court to dismiss defendants' appeal—basing said motion on the ground that under the law neither the township board of Medicine township, nor the county court of Livingston county, nor even said circuit court had jurisdiction of the matter in controversy, etc.

The circuit court sustained this last motion, dismissed defendants' appeal from the county court, and entered a final judgment against defendants for costs. From this judgment defendants have appealed.

Both sides concede the proposition that when this road proceeding was begun in October, 1895, and in fact during the entire progress of the case, JURISDICTION: road proceedings the township boards, in counties under in township organization township organization, had no jurisdiction counties: statute of 1893: in such road matters. It seems that prior appeals. to the act of the legislature, approved March 23, 1893 (Laws 1893, p. 222), the establishing and opening new roads was vested in such township boards—of course in such counties only where there was township or ganization; in other counties such

jurisdiction was vested in the county court. But by the act of March 23, 1893, all jurisdiction was taken from the township board (even in counties under township organization) and vested in the county courts, so then, when this road proceeding was instituted (October, 1895), the township board before which it was begun had no jurisdiction or authority to entertain it. This, as already stated, is conceded by both parties to this controversy. If the township board was without jurisdiction to try this road case, then clearly neither the county court, to which it was taken by appeal, nor the circuit court had jurisdiction to try the case. In such cases jurisdiction is derivative only. But the question is, what disposition should have been made of the case when it got into the circuit court. Defendants contend, and we think rightly, that the circuit court ought to have dismissed the entire proceeding and entered up a final judgment for defendant and for all their costs. Instead of this, however, the appeal of the defendants was dismissed and judgment of course rendered against them for costs.

The dismissal of defendants' appeal was in effect an adjudication that they had no cause or right to appeal from the judgment against them. But defendants had, unquestionably, the right of appeal—first from the judgment of the township board and subsequently from the judgment of the county court. Plaintiffs' counsel insist, that as the whole proceeding before the township board and the county court was without jurisdiction, there was no judgment from which an appeal would lie—that said judgment was a nullity, etc. While it is true that a judgment was entered against defendants without authority and without legal sanction, and was therefore void, yet defendants had the right by appeal

——: right of appeal.

Guest v. H. & St. J. R. R. Co.

to have relief from this void judgment. It is immaterial whether the judgment be void for want of jurisdiction or for other reason; the defendants, against whom it was rendered, had the right to avoid it by appeal to a higher court. The defendants then were not wrong in appealing to the circuit court and their appeal should not have been dismissed. The court should have dismissed the case and entered final judgment for defendants.

Judgment reversed and cause remanded. All concur.