THE STATE ex rel. GEORGE T. COONLEY v. WILLARD P. HALL, Judge of Circuit Court of Jackson County.

In Banc, December 20, 1922.

1. **JURISDICTION: Court of Appeals: Reversing Judgment in Divorce Action: Prohibition.** If the proper court of appeals had jurisdiction of an appeal from the judgment of a circuit court overruling a motion to set aside a judgment granting plaintiff a divorce at a previous term and refusing to re-instate the case upon the docket, the judgment of said court of appeals, whether right or wrong, cannot be corrected by prohibition directed to the judge of said circuit to prevent him from proceeding in accordance with said judgment of said court of appeals.

2. ———: ———: **Divorce Judgment: Finality: Set Aside at Subsequent Term: Statute: Prohibition.** Notwithstanding the statutes

(Secs. 1811, 1912, R. S. 1919) provide that no final judgment rendered in an action for divorce shall be reversed, annulled or modified by appeal "unless such appeal shall have been granted during the term of court at which the judgment or order appealed from was rendered" and that no petition for the review of any judgment of divorce "shall be allowed, any law or statute to the contrary notwithstanding," a motion charging that the circuit court acquired no jurisdiction over the defendant and asking that said judgment be set aside on that ground, may be filed at a subsequent term; and if said motion is overruled, an appeal from the order may be taken to the proper court of appeals, and its judgment reversing the order of the circuit court and remanding the cause and directing that the order overruling the motion be set aside and that the cause be re-instated on the docket, whether right or wrong, is a judgment which the court of appeals had jurisdiction to render, and the circuit court cannot be prohibited from proceeding in accordance therewith. Said statutes apply only when the circuit court had jurisdiction of the subject-matter and of the parties, and a judgment rendered on a void process in a cause in which the defendant did not appear can be attacked by defendant's motion filed at a subsequent term, asking that it be set aside on that ground; and the court of appeals has jurisdiction of an appeal from an order overruling that motion, and to determine whether said process was void, and its determination of that question, whether right or wrong, is binding on the Supreme Court in a writ of prohibition directed to the circuit judge and seeking to prevent him from proceeding in said cause in accordance with said determination.

3. ———: ———: ———: **Void Judgment: Appeal.** A judgment of divorce, made on void process and therefore made without power or jurisdiction of the court to render it, is reviewable on appeal, and an appeal lies from an order overruling a motion filed, at a subsequent term, to have it set aside.

4. ———: **Determination by Court of Appeals.** Where a court of appeals is a court of last resort in cases of the character of the one before it, the questions of the validity of the appeal and of its jurisdiction of the case are matters for its exclusive determination.

5. ———: ———: **Void Process: Correction by Prohibition.** Where the court of appeals has determined that it had jurisdiction of an appeal from an order of the circuit court overruling a motion, filed at a subsequent term, to set aside a default judgment of divorce, on the ground that the order of publication as made and published was not sufficient to constitute constructive notice to the non-resident defendant, and has adjudged that said attempt-

State ex. rel. Coonley v. Hall.

ed constructive notice did not give the circuit court jurisdiction of the person of defendant and 'that therefore her motion should have been sustained, its said judgment, whether right or wrong, cannot be corrected upon a writ of prohibition, for if wrong it was mere error.

## Prohibition.

PRELIMINARY RULE DISCHARGED.

*Milton Schwind* for relator.

(1) Service by publication is valid and conclusive when the requirements of the statute are substantially complied with as to the facts required to be communicated. Charley v. Kelley, 124 Mo. 134. (2) Certain matters essential to jurisdiction, not required to be published, may be left out of the order, and out of the notice. Charley v. Kelley, 124 Mo. 138. (3) A judgment becomes final with lapse of term, if no motion is filed in term to carry the cause over. State ex rel. Logan v. Ellison, 267 Mo. 321. (4) A judgment is not subject to attack on the ground of irregularity unless it is rendered contrary to the course of the law, or there is a want of adherence to prescribed rules. Orvis v. Elliot, 65 Mo. App. 100. (5) Service by publication is to be tested as to its validity by reference to the applicable statute, that being the sole rule of procedure prescribed. Coffin v. Elgin, 243 Mo. 455. (6) Annulment of a decree of divorce on an after-term motion is prohibited in express terms. Secs. 1811, 1812, R. S. 1919; Nave v. Nave, 28 Mo. App. 505; Smith v. Smith, 48 Mo. App. 615, 618; Salisbury v. Salisbury, 92 Mo. 683; Dorrance v. Dorrance, 242 Mo. 625; Winkler v. Winkler, 273 Mo. 60. (7) Appellate jurisdiction is statutory. Sec. 1469, R. S. 1919; Millar v. Transit Co., 216 Mo. 99; Western Tile Co. v. Naylor, 226 Mo. 420; In re Bauer, 112 Mo. 231. (8) Appellate courts raise questions of appellate jurisdiction of their own motion. State ex rel. Ragsdale

v. Walker, 132 Mo. 210; Matlack v. Kline, 190 S. W. 408;
Bowles v. Troll, 172 Mo. App. 102. For jurisdiction of
this court see State ex rel. Lentz v. Fort, 178 Mo. 518.
(9) The prohibition of the statute on divorce by its terms
includes appellate courts. Sec. 1811, R. S. 1919; Winkler
v. Winkler, 273 Mo. 60. (10) After-term motions di-
rected at a prior-term judgment, if otherwise not pro-
hibited by statute, give to the court no jurisdiction ex-
cept on affirmative proof that the adverse party has had
notice thereof. Konta v. Stock Exchange, 150 Mo. App.
617; Grames v. Hawley, 50 Fed. 319. (11) Appellate
jurisdiction never attaches until jurisdiction in the lower
court appears from the record. Wright v. Hink, 193 Mo.
130. (12) To annul a judgment of divorce on an after-
term motion is prohibited by statute, and without notice
on adverse party is not due process of law within the
meaning of Sec. 1, Art. 14, U. S. Constitution. Simon
v. Craft, 182 U. S. 427.

*Alpha N. Brown* and *Charles M. Miller* for Frances
A. Coonley, *Amicus Curiae.*

(1) The defect urged in the proceeding prior to the
decree in the divorce case was a failure to comply with
the statute, or in other words, "the want of adherence
to a prescribed rule or mode of procedure." The order
of publication and the proof of publication are a part
of the record proper in the divorce case. Sec. 590, R.
S. 1909; Woodruff v. Lumber Co., 242 Mo. 381, 387. An
irregularity apparent on the record is one for which the
motion will lie. Cross v. Gould, 131 Mo. App. 585;
Clowser v. Noland, 72 Mo. App. 217; Reed v. Nicholson,
93 Mo. App. 29. Unquestionably this was an irregularity
under the statute and the motion would properly lie
after term. The Court of Appeals so held, and its
opinion cannot here rightly be reviewed. (2) The mo-
tion to vacate the judgment and re-instate the case on the
docket, filed in the circuit court, questioned the jurisdic-

tion of the circuit court *ab initio*. If the purported service by publication was invalid, jurisdiction was not obtained over the defendant, and the court had no lawful power to render any valid decree. In all of the cases cited by relator in support of his contention, the court had jurisdiction over all parties to the suit, and properly refused to set aside the judgments in divorce after the term. (3) To apply Sections 1811, 1812, Revised Statutes 1919, as urged by relator, to this proceeding is to deny to defendant the due process of law guaranteed to her by the Fourteenth Amendment of the U. S. Constitution, and Article II, Sec. 30, of the Mo. Constitution; also Article II, Sec. 10, providing that courts of justice shall be open to every person. Dorrance v. Dorrance, 242 Mo. 651. (4) Relator in his brief states that he had no notice of the hearing in the trial court on the motion to vacate the judgment. The presumption is that the Court of Appeals found that it had jurisdiction. Jurisdiction presents itself on every appeal and must be answered by the court, whether propounded by counsel or not. Defiance Water Co. v. City, 191 U. S. 184; McMenamy v. Stilwell, 194 S. W. 467. (5) The Court of Appeals had the same record before it as is before this court, and its determination of its jurisdiction is conclusive. State ex rel. v. Miles, 231 Mo. 493, 500. This record cannot be contradicted. The bill of exception shows that the relator was duly served with notice. Still v. Glass, 222 S. W. 893; State ex rel. Bank v. Sanger, 28 Mo. 315; Atloff v. Transit Co., 204 Mo. 172. (6) Even if relator had no notice of the hearing on this motion before the trial court he was not injured thereby. The trial court overruled the motion and in doing so he deprived the relator of no rights and in no event can he complain or have any cause therefor. The judgment of the trial court was in his favor. Notice was not necessary to confer jurisdiction as relator urges; relator had voluntarily submitted himself to the court's jurisdiction when he filed the divorce suit. His attorneys had never

withdrawn of record. The relator had no compunction about divorcing himself from his wife without notice to her, but he now insists that notice is necessary. If the relator was deprived of any rights, which we deny, it occurred in the Kansas City Court of Appeals, and he had notice of the hearing and an opportunity to appear and present his case in that court if he so desired, as is shown by the affidavit of Alpha N. Brown, filed herein, and set out in relator's abstract. The record in this proceeding does not deny this, nor does relator deny it in his affidavit. The Kansas City Court of Appeals undoubtedly considered this in determining whether it had jurisdiction. (7) If the service by publication was invalid and did not confer jurisdiction over Mrs. Coonley in the Circuit Court of Jackson County, then the judgment rendered was void. Cole v. Cole, 3 Mo. App. 571; Irvine v. Leyh, 102 Mo. 201. If this judgment was void and a nullity, the trial court was at liberty to set it aside on its own motion, if for no other reason than to correct the records of its own court, and notice to relator was not necessary. (8) The fact of re-marriage has nothing to do with this case. Glover v. Glover, 187 S. W. 278. (9) Prohibition will not lie to review the decision of the Court of Appeals. State ex rel. Clark v. Kline, 212 S. W. 55; State ex rel. v. Mills, 231 Mo. 493, 503.

ELDER, J.—Relator seeks by writ of prohibition to prohibit respondent from proceeding further in the divorce action of George T. Coonley v. Frances A. Coonley, in which a motion to vacate a judgment and decree of divorce and to re-instate the cause on the docket of the Circuit Court of Jackson County was sustained on February 21, 1922. Upon application this court issued a preliminary rule requiring respondent to show cause why our writ should not issue. In due time respondent filed his return and relator then moved for judgment on the pleadings. By leave, counsel for Frances A. Coonley have filed suggestions in opposition to the writ.

The facts disclosed by the petition for the writ and admitted by the return are as follows:.

On July 23, 1920, relator, as plaintiff, filed in the Circuit Court of Jackson County, in vacation his petition for divorce from Frances A. Coonley, defendant, which petition, among other things, alleged that the defendant was a non-resident of Missouri and could not be served with process. Thereupon the clerk of said court made the following order of publication, caption omitted, to-wit:

"Now on this 23rd day of July A. D. 1920, comes the plaintiff by attorney and presents to the clerk of the Circuit Court, Jackson County, Missouri, at Independence, in vacation, verified petition filed herein, which among other things says that defendant is a non-resident of the State of Missouri, and the court wherein said suit is brought being fully advised in the premises, has, at Independence, Jackson County, Missouri.

"Thereupon the following order is made by said clerk, to-wit:

"To Frances A. Coonley, defendant:

"You are hereby notified that the plaintiff has commenced suit against you by petition heretofore filed in said court the object and general nature of which is to obtain a decree of divorce from the bonds of matrimony heretofore contracted between plaintiff and defendant; on the grounds of: That defendant has offered to plaintiff such indignities as to render his condition as her husband intolerable. And unless you be and appear at the next regular term of said court, to be begun and held at the county court house in the city of Independence, Jackson County, Missouri, on the second Monday in September next, the same being the thirteenth day of said month, and on or before the third day thereof, answer unto said petition, it will be taken as by you confessed and a decree granted as prayed. It is further ordered that publication hereof be made according to law in the Jackson Examiner, a newspaper published regularly in said county."

Thereafter there was published in the Jackson Examiner, a weekly newspaper regularly published in Jackson County, for four successive insertions, an order of publication as follows, caption omitted:

"Now on this 23rd day of July A. D. 1920, comes plaintiff in the above entitled cause for divorce and presents his verified petition wherein he has alleged that the defendant is a non-resident of the State of Missouri, and the court wherein said suit is brought being fully advised in the premises, has, at Independence, Jackson County, Missouri, made the following order, to-wit:

"To Frances A. Coonley, Defendant:

"You are hereby notified," etc. (Here follows a notice practically identical with the notice directed to Frances A. Coonley above set forth).

The notice and order last above mentioned is signed as follows:

"Attest: W. H. Harper, Clerk. By George Donnellan, Deputy Clerk."

Thereafter, on October 8, 1920, being the 18th day of the September term, 1920, of the said circuit court, the cause was submitted; plaintiff appearing in person and by attorney, and defendant making default. An affidavit of the publisher of the Jackson Examiner, showing due publication of the order of publication, was submitted to the court, and a judgment granting relator a divorce was entered.

On March 26, 1921, being the 12th day of the March term, 1921, of the said court, Frances A. Coonley, defendant in the divorce action, filed a motion to vacate the judgment of divorce and to re-instate the cause, the same being as follows:

"Comes now the defendant and moves the court to vacate the purported judgment and decree of divorce granted plaintiff on October 8, 1920, as same appears in Record 44 at Page 616, and to re-instate this cause upon

the docket for the reason that at the time of making said entry of record no service of process had been had and no entry of appearance made by defendant; that the attempted and pretended service by publication was not made in accordance with the statute of the State of Missouri as shown by the record entry in this cause and the proof of publication and is wholly void and of no effect.''

Relator, in his petition herein, alleges that during the entire year of 1921 he resided in Chicago, Illinois, and that no service of said motion, or of notice thereof, was had upon him or any one for him, and that on the hearing thereof he did not appear in person or by counsel. Respondent in his return states that upon the hearing of said motion no one appeared for the relator and that no evidence was introduced as to whether or not any notice of said motion had been given relator.

On March 28, 1921, during the March term, 1921, the motion to vacate and re-instate was overruled. Thereafter, on June 2, 1921 during the March term, 1921, an appeal was allowed defendant Frances A. Coonley to the Kansas City Court of Appeals. On November 16, 1921, during the September term, 1921, defendant filed her bill of exceptions, which was signed and allowed by the court.

On February 15, 1922, during the December term, 1921, there was received by and filed in the circuit court, the mandate of the Kansas City Court of Appeals, reversing the judgment overruling the motion to vacate and remanding the cause with directions to set aside the judgment of divorce and re-instate the cause on the docket. A copy of the opinion of the Kansas City Court of Appeals, reported in 237 S. W. 198, is attached to relator's petition for our writ. The petition herein recites that no process was served upon relator, or upon any one authorized to accept process for him, of the proceedings in the Kansas City Court of Appeals, and that

296 Mo.—14

he did not appear therein in person or by counsel. On May 3, 1922, there was filed in this court an affidavit by Alpha N. Brown, of counsel for Frances A. Coonley, stating that on or about November 19, 1921, he mailed a copy of the abstract of record and brief before the Kansas City Court of Appeals to George T. Coonley at the Lumbermen's Exchange Building, Chicago, Illinois, and that he thereafter received a return registry receipt showing that the copy of said abstract and brief was received at Chicago by George T. Coonley on November 25, 1921.

On February 21, 1922, during the December term, 1921, of the circuit court, the court made an order vacating the judgment of divorce theretofore entered, and re-instating the cause upon its docket. Respondent, in his return, states that unless restrained he will proceed to hear the cause in due course.

Relator concludes his petition by alleging that with the expiration of the September term, 1920, of the circuit court, the judgment of divorce became final and conclusive; that the said court had no jurisdiction, on a motion filed at the March term, 1921, to set aside or vacate said judgment; that the Kansas City Court of Appeals was without power or jurisdiction to set aside said judgment; that respondent did not, by the mandate of the Kansas City Court of Appeals, re-acquire power to set aside said judgment; and that acting in reliance upon the said judgment of divorce relator re-married before he acquired any knowledge of the proceedings subsequent to the September term, 1920.

I. From the view we take of this proceeding there is a primary question before us which is decisive of the case and that is—did the Kansas City Court of Appeals have jurisdiction to decide the questions involved in the appeal taken from the order overruling the motion to vacate the judgment of divorce and reinstate the cause? If so, then upon a proceeding by prohibition we are bound

by the opinion of the Court of Appeals, whether correct or not, and the writ will not lie. If not, then we can exercise the superintending control lodged in this court by the Constitution and intervene.

That the Court of Appeals, when acting within its jurisdiction and not in conflict with the decisions of this court, is a court of final adjudication, is too evident to require any extended citation of authority. As said in State ex rel. Miles v. Ellison, 269 Mo. 151, l. c. 156: "We all yield assent to the one proposition that the courts of appeals are courts of last resort, and when acting within their jurisdiction and not in violation of our decisions, can decide cases as their judgment dictates, and in so doing can, without interference on our part, commit error and decide incorrectly, just as we can."

It is urged by relator, however, that the Court of Appeals had no jurisdiction of the appeal from the order overruling the after-term motion to vacate the judgment of divorce. In support of this contention it is argued that Sections 1811, 1812, Revised Statutes 1919, deprived the Court of Appeals of all power to reverse or annul the final judgment of October 8, 1920. Section 1811, so far as pertinent hereto, provides substantially that no final jugdment rendered in a divorce proceeding shall be reversed, annulled or modified by appeal "unless such appeal shall have been granted during the term of court at which the judgment or order appealed from was rendered." Section 1812 provides that no petition for review of any judgment of divorce "shall be allowed, any law or statute to the contrary notwithstanding." Relator seems to lose sight of the fact, however, that the motion to vacate the judgment of divorce called into question the jurisdiction of the circuit court *ab initio,* on the ground that no service of process had been had on defendant and that the attempted service by publication was void. The sections cited contemplate that an appeal or petition for review will only be denied when the circuit

court had jurisdiction of the subject-matter of the action and the parties; and where the court *nisi* was devoid of jurisdiction, the statutes have no application. As said in Nave v. Nave, 28 Mo. App. 1. c. 510, wherein the two sections before us were being considered, "If the court had no jurisdiction of the cause its decree was a nullity and should be set aside. Neither the lapse of time, nor evil results following, could prevent this."

And a void order or judgment, made when the court is without power or jurisdiction to award it, has often been held to be reviewable on appeal. [Smith v. Jacobs, 77 Mo. App. 254; Hoover v. Hoover, 39 Ore. 456; Railway Co. v. Lockridge, 93 Ind. 191; Fleeman v. Ry. Co., 82 Kan. 574; Livermore v. Campbell, 52 Cal. 75; People v. Evans, 262 Ill. 235; Monger v. New Era Assn., 145 Mich. 683; Armstrong v. Mayer, 60 Neb. 423.]

As said in 3 Corpus Juris, sec. 287: "Although a judgment, order, or decree is void, and not merely erroneous, it is so far to be considered in existence by the appellate court that it may be reviewed and reversed on writ of error or appeal."

Moreover, it has been specifically ruled that an appeal will lie from an order overruling a motion in the lower court to set aside a void judgment. [Baldridge v. Baldridge, 117 S. W. (Ky.) 253; Herman's Exrs. v. Martin, 107 Ky. 642; Ecker v. First Natl. Bank, 62 Md. 519; Piper v. Johnston, 12 Minn. 60; Hager v. Brewing Co., 90 S. W. (Ky.) 608.]

And finally, the validity of the appeal and the matter of jurisdiction were questions to be determined exclusively by the Court of Appeals, it being a court of last resort in the character of case before it. [State ex rel. Scott v. Smith, 104 Mo. 419; 3 C. J. 371, sec. 128; Lester v. Howard, 24 Md. 233.] And it was the duty of that court to determine the question of jurisdiction on its own motion, even though not raised by the parties. [State ex rel. Ragsdale v. Walker, 132 Mo. 210; May v. Mortgage Trust Co., 138 Mo. 447; Cable v. Duke, 208

Mo. 557; Beechwood v. Railroad, 173 Mo. App. 371; Ferguson v. Comfort, 159 Mo. App. 30.] That the Court of Appeals decided it had jurisdiction is fully apparent. We accordingly rule that it had jurisdiction.

Having assumed jurisdiction of the appeal, the Court of Appeals proceeded to decide that the after-term motion to vacate the judgment and reinstate the case was filed in time, using this language:

"Said motion to vacate the judgment and reinstate the case on the docket was filed in time, even if the decree of divorce was rendered at the September term, 1920, and the motion was not filed until the March term, 1921, with the November term, 1920, intervening. [Sec. 1552, R. S. 1919; Hirsh v. Weisberger, 44 Mo. App. 506; State ex rel. Ozark County v. Tate, 109 Mo. 265, 18 S. W. 1088, 32 Am. St. 664.] And if the irregularity is such as to invalidate the service relied upon, then it is such irregularity for which the motion will lie. [Woodruff v. Bunker-Culler Lumber Co., 242 Mo. 381, 146 S. W. 1162.]"

The court then further proceeded to decide that the order of publication as made and published was not sufficient to constitute constructive notice to the defendant Frances A. Coonley and give the circuit court jurisdiction to render the decree of divorce, and reversed and remanded the case. Having so decided, it is not the province of this court upon an application for a writ of prohibition to rule otherwise. [State ex rel. Dawson v. St. Louis Court of Appeals, 99 Mo. 216; State ex rel. Scott v. Smith, 104 Mo. 419.] As said by BLACK, J., in State ex rel. Dawson v. St. Louis Court of Appeals, supra, l. c. 221: "The writ cannot be awarded for the simple purpose of correcting errors, if any there were." And this it is patent is what the relator would have us do.

For the reasons appearing herein, the preliminary rule heretofore granted should be discharged and the permanent writ refused. It is so ordered. All concur except *Woodson, C. J.,* who dissents.