EDWIN G. ORRICK, RESPONDENT, v. SUZANNE M. ORRICK, APPELLANT.—
233 S. W. 2d 826.

Kansas City Court of Appeals.   Opinion delivered October 2, 1950.

*Freston & Files, Stinson, Mag, Thomson, McEvers & Fizzell,* and *Lawrence R. Brown,* for appellant.

*R. H. Moore* for respondent.

DEW, P. J.—Respondent, the plaintiff, brought suit for divorce in the Circuit Court of Jackson County.. Service on the defendant, appellant here, purported to be by publication. Default decree was granted the plaintiff. Some time after the term in which the decree was granted, defendant filed a motion to set aside the decree on the ground that it appeared on the face of the record that the order of publication was based on an insufficient application therefor, and that the order was void and unconstitutional, depriving the defendant of property and rights without due process of law. The motion was overruled. Defendant appealed.

Neither party challenges our jurisdiction on the ground that a constitutional question is involved. Furthermore, the motion to set aside the decree designated no constitutional sections or provisions as a basis for a constitutional question. Nickell v. Kansas City, St. Louis & Chicago Ry. Co., 326 Mo. 338, 32 S. W. 2d 79; Houts, Missouri Pleading & Practice, Vol. 2, Section 484, page 237.

The plaintiff filed, under oath, his petition for divorce September 1, 1948. One of the allegations is that "Plaintiff further states that the address of defendant is unknown to him". Attached to the petition was a sworn application for an order of publication, stating that service of summons on the defendant could not be had in the manner prescribed by Section 27 of the General Code of Civil Procedure of 1943, "for the reason that the address of the defendant in this case is unknown to plaintiff and that the last known address to plaintiff was 14 Charlesgate W., Boston, Massachusetts, in the U. S. A., and that he is unable to obtain her present address". On the same day an order of publication was issued, which was published, purporting to describe the nature of the action, giving the address of the plaintiff's counsel, and notifying the defendant that unless she pleaded or otherwise appeared to defend the case within 45 days after September 3, 1948, judgment by default would be rendered against her. Proof of such notice and publication was thereafter filed. On October 29, 1948, the case was heard, plaintiff appearing in person and by counsel, and defendant not appearing either in person or by counsel. A decree was rendered on the same day in plaintiff's favor, dissolving the marriage. A part of the decree read: "Defendant, although lawfully summoned by publication, due and legal proof of which has heretofore been filed, comes not, but makes default".

On October 6, 1949, long after the lapse of the term during which the decree was rendered, the defendant filed a motion to vacate the judgment and decree and to reinstate the cause upon the docket. The grounds of the motion were that it appears from the face of the record that valid service upon defendant was not had; that the order of publication was based on an insufficient application therefor, the latter not complying with the statutes of this state because no grounds for such service were stated; that the order based on such application is void and the decree based thereon is void and unconstitutional in that it deprives defendant of her property and rights without due process of law. The motion, when presented, was argued by respective counsel for plaintiff and defendant, after which the court overruled the same. As stated, defendant thereupon appealed from such ruling.

Constructive service by publication is in derogation of the common law. Authority for it arises solely from the statute creating it. To be effective, strict compliance with the statute is required. Diekroger v. McCormick, 349 Mo. 1098, 1103, 163 S. W. 2d 927, 929; Tooker v. Leake, 146 Mo. 419, 48 S. W. 638.

The statute controlling the issue in the case at bar is the new section 28(b) Laws of Mo., 1945, at page 641, effective at all times here in question. That statute provides, in substance, that if the plaintiff in his verified petition or by affidavit shall state that any defendant is a nonresident of the state and cannot be personally served in this state in the manner prescribed by law for personal service, or has absconded or absented himself from his usual place of abode in this state, or has concealed himself so that the ordinary process cannot be personally served on him, and shall state the present known address of such defendant if known, or in lieu thereof shall state that said address of such defendant is unknown, then the order, as provided in that section, shall be issued.

It will be noted that in neither plaintiff's petition nor in his application for order of publication did he state that the defendant was a nonresident; nor that she had absconded or absented herself from her usual place of abode in this state; nor that she had concealed herself so that personal service upon her could not be had. In his petition he states that "the address of the defendant is unknown to plaintiff". In his application for order of publication he supplies her "last known address to plaintiff" in Boston, Massachusetts, and states that he does not know and is unable to obtain her present address. The sum total of the facts sworn to on the subject therefore is, the address of the defendant last known to plaintiff; that he does not know her present address, and has been unable to obtain it. Certainly this does not meet the strict requirements of the statute. We cannot read into the statute any authority for constructive service on the mere ground that the plaintiff does not

know the present address of the defendant and has been unable to obtain it. Had the Legislature intended or attempted to bind a party defendant by constructive service on such meager grounds, with all of the harshness, laxity and abuse that would ensue therefrom, it would certainly have so provided, if it could lawfully so enact. Cox v. Cox, 115 S. W. 2d 104.

It is true that the trial court was one of general jurisdiction; that it has jurisdiction of the *res* or the subject matter of the action, the marriage status; that its decree included a finding that the defendant had been lawfully summoned; that as against any collateral attack every presumption will be indulged in favor of the jurisdiction of the court over the subject matter and of the persons, unless the record affirmatively shows to the contrary. Ray v. Ray, 330 Mo. 530, 50 S. W. 2d 142. However, it must be borne in mind that the plaintiff's motion to vacate is a direct attack in the same cause. 15 R. C. L. pp. 838, 839. Even though it were a collateral attack and the record as a whole shows on its face the want of jurisdiction over the person of the defendant, the judgment would be open to such attack. Ray v. Ray, supra, p. 536. The exact grounds upon which service of publication was asked and allowed in this case are shown by the application which, as stated, is insufficient. The application is a part of the record and is of equal dignity and of equal verity as the jurisdictional recital in the judgment and countervails that recital. Cloud v. Pierce City, 86 Mo. 357. The motion to vacate was a proper method to attack the validity of the order. State ex rel Coonley v. Hall, 296 Mo. 201, 246 S. W. 35.

Section 1525, R. S. Mo., 1939, provides that no petition for review of any judgment for divorce shall be allowed except that any judgment touching alimony and custody and maintenance of children may be reviewed. Section 1524 provides, among other things, that no final judgment or order made in cases under the article on divorce and alimony shall be reversed, annulled or modified by appeal unless such appeal be granted during the term at which such judgment or order appealed from was rendered. But these statutes do not apply to a motion to set aside a judgment or order in a divorce proceeding based on the ground that the court had no jurisdiction over the person of the defendant, and such motion may be filed at a subsequent term and an appeal may be properly taken from the ruling of the court on such motion. Such a motion calls into question the jurisdiction of the trial court *ab initio*.

It was said of these sections in State ex rel. Coonley v. Hall, 296 Mo., 201, 211 246 S. W. 35, 37:

"The sections cited contemplate that an appeal or petition for review will only be denied when the Circuit Court had jurisdiction of the subject matter of the action and the parties; and where the court nisi was devoid of jurisdiction, the statutes

have no application. As said in Nave v. Nave, 28 Mo. App. loc. cit. 510, wherein the two sections before us were being considered:

'If the court had no jurisdiction of the cause its decree was a nullity and should be set aside. Neither the lapse of time, nor evil results following, could prevent this' ''.

It was said in Cloud v. Pierce City, supra (p. 368):

"When, therefore, the record shows that certain steps were taken to procure jurisdiction and the law does not consider those steps sufficient, the judgment will be regarded as void for want of jurisdiction over the defendant''.

Under the record, we must hold that the application for an order for publication of service was insufficient to authorize the order made; that the order so made thereunder was void, and that the decree, for want of jurisdiction of the person of the defendant, is a nullity. The ruling of the court overruling the defendant's motion to set aside the decree and judgment is reversed, the motion is sustained and the cause is remanded with directions to reinstate the case upon the docket. *Vandeventer, J.* (Sitting by order of Supreme Court) concurs. *Cave, J.*, not sitting; *Broaddus, J.*, not participating.