In re the **MARRIAGE OF Donna BROWN, n/k/a Donna Lowe Ridgeway,**

and

**Timothy Brown.**

**Donna BROWN, n/k/a Donna Lowe Ridgeway, Respondent,**

v.

**Timothy BROWN, Appellant.**

No. 63257.

Missouri Court of Appeals, Eastern District, Division Two.

June 21, 1994.

Martin & Lalec, Heidi L. Leopold, St. Louis, for appellant.

Donna Brown, pro se.

KAROHL, Judge.

Timothy Brown appeals from an order entered on December 15, 1992, which reads:

The Court sustains Petitioner's Motion to Dismiss Respondent's Motion to Set Aside Default Judgment and Decree of Dissolution of Marriage.

A default dissolution of marriage was granted on May 1, 1990. Donna Ridgeway has elected not to participate in the appeal.

On October 6, 1992, Timothy Brown filed a motion to set aside the default dissolution decree. He alleged, inter alia:

5. Respondent states that the parties have never been married and, specifically, they were not married on November 21, 1987 and no such marriage was registered in the City of St. Louis, Missouri. Therefore, this Petition for Dissolution of Marriage and the Decree of Dissolution attendant thereon were procured and obtained by false, fraudulent and misleading statements by the Petitioner.

Donna Marie Lowe Brown, n/k/a Ridgeway filed a motion to dismiss the motion to set aside alleging:

1. Said Motion is made more than two years after the entry of the Court's Decree and, therefore, it is not timely.

2. Said Motion cannot be granted in equity because it would involve a rehearing on the merits and, Respondent/Movant has not alleged that he was denied a fair opportunity to appear and defend the original action.

3. Said Motion cannot be granted because the complaining party cannot show an absence of fault, neglect or inattention to the case.

4. More than twenty-eight (28) months has expired since the entry of the Decree of Dissolution herein and, Respondent/Movant is barred from relief he seeks because of laches.

In his memorandum in opposition to the motion, Timothy Brown asserted that the dissolution court never obtained subject matter jurisdiction to dissolve the marriage because the parties were never validly married.

The dissolution court considered the motions and held an evidentiary hearing. Timothy Brown testified and offered documentary evidence. Donna Ridgeway did not appear in person. She was represented by counsel. At the hearing, Timothy Brown testified the parties were never married. The court took judicial notice of the documents authored by the Missouri Bureau of Vital Records and the City of St. Louis which state there is no record of a marriage between Donna Lowe and Timothy Brown, particularly on the date alleged in the petition for dissolution of marriage and at the location in the City of St. Louis. The trial court dismissed Timothy Brown's motion.

■ As a claim of error, Timothy Brown contends:

## II. THE COURT ERRED IN NOT SETTING ASIDE, CANCELING OR VACATING A VOID JUDGMENT OR, IN THE ALTERNATIVE, IN NOT SETTING ASIDE A DEFAULT JUDGMENT, AS IT WAS AN ABUSE OF DISCRETION.

There are two parts to this claim of error. The first expressly contends the dissolution judgment was void and the failure to set aside an error of law. We do not reach the second part which is addressed to an abuse of discretion. The motion to set aside was filed before the judge who entered the dissolution decree. The motion pleads no marriage and the claim of error is that the court had no subject matter jurisdiction to enter the decree of dissolution, accordingly, the judgment was void. The issue is jurisdictional, not merely obtaining a judgment or terms of the judgment by fraudulent acts. We find this motion was sufficient to allege, and the claim of error on appeal is sufficient to preserve, an issue of subject matter jurisdiction. If the parties were never married, it is impossible for a trial court to acquire subject matter jurisdiction to order a dissolution. Fraud is incidental to the determination of jurisdiction, although it may be a matter of dispute. This case differs from those where the alleged fraud goes only to procedural or substantive disputes where the fact of a marriage is not contested.

The issues are: (1) is the motion to set aside a void judgment authorized; (2) is there any evidence to support the laches defense pleaded in the motion to dismiss; and, (3) must the trial court decide the jurisdictional fact issue consisting of a finding that there was a marriage. We reverse and remand for a decision on the jurisdictional issue.

The motion is authorized by Rule 74.06(b), "on motion and upon terms that are just, the court may relieve a party . . . from a judgment [where] (4) the judgment is void." The motion must be made within a reasonable time. Rule 74.06(c). The "procedure for obtaining any relief from a judgment shall be by motion as prescribed in these Rules or by

an independent action." Rule 74.06(d). Here, we have a motion filed in an equitable dissolution proceeding. It pleads all the elements of a cause of action to set aside a void judgment which could be alleged in an independent action. The Missouri Supreme Court in *Sprung v. Negwer Materials, Inc.,* 727 S.W.2d 883 (Mo. banc 1987) held a motion to set aside a default judgment in a civil damage suit was "sufficient to invoke the equitable powers of the court; . . . [and] may be treated as an independent suit in equity." *Id.* at 889. Timothy Brown's motion contests the fundamental requirement of subject matter jurisdiction which implicates the issue of void judgment. It falls within the scope of the rule. Rule 74.06(d).

■ Timothy Brown notified the circuit clerk on the day he received a copy of the default decree that the parties were never married. He filed his motion to set aside the default judgment twenty-nine months after the decree was entered. Donna Ridgeway's motion to dismiss alleged the motion to set aside was untimely and was barred by laches. She offered no evidence to support either ground. She did not appear. The allegation as to untimeliness is a conclusion where the real issue is whether the time was unreasonable, Rule 74.06(c), and there was no evidence to support a finding that the delay was unreasonable. The doctrine of laches is an affirmative defense. Rule 55.08. It is a doctrine based upon both unreasonable delay and prejudice to the opposing party. "Mere delay does not of itself constitute laches; the delay involved must work to the disadvantage and prejudice of the [opposing party]. Where no one has been harmed in any legal sense, and the situation has not materially changed, the delay is not fatal." *Hagely v. Board of Ed. of the Webster Groves Schl Dist.,* 841 S.W.2d 663, 669–70 (Mo. banc 1992). Again, Donna Ridgeway offered no evidence to support a finding of prejudice. In the event the facts accepted by the court prove the parties were never married, particularly not married in St. Louis, Missouri, on November 21, 1987, as alleged in the petition for dissolution, then the mere passage of time after the decree and before the motion to set aside could not be prejudicial to the

civil rights of Donna Ridgeway. If the parties to this litigation were never married, a marriage by Donna subsequent to the "dissolution" could not be prejudicial because she was free to marry as a single person or remarry as a divorcee. Other than her present marriage there is no basis for a finding of prejudice.

The fact issue in dispute consists of proof of a marriage license and a solemnized marriage at a particular time and in a known location. That form of marriage should be easily provable. The passage of time will not be a disadvantage to such proof. These facts distinguish this case from the proof requirements of a common law Kansas marriage considered in *Beasley v. Beasley,* 553 S.W.2d 541 (Mo.App.1977) where laches was applied to a case where the motion to set aside relied on denial of the existence of a common law marriage. The court found a five-year delay, coupled with a loss of evidence, was a basis for not reaching the merits of the jurisdictional issue because of laches. The court held the equitable defense foreclosed any consideration of the claim of non-marriage solely because the petitioner's ability to prove the existence of the marriage had been hindered by delay. The *Beasley* opinion discloses jurisdictional defects. It cites *Wenzel v. Wenzel,* 283 S.W.2d 882 (Mo.App.1955) but *Wenzel* is not applicable because the movant in *Wenzel* filed an answer admitting the marriage. Thus, subject matter jurisdiction was not an issue. The court also cited *Orrick v. Orrick,* 241 Mo.App. 143, 233 S.W.2d 826, 828 (1950). In *Orrick,* the trial court dismissed a motion to set aside because the application for publication notice for wife was defective, thus, personal jurisdiction was never obtained. It held the divorce decree was a nullity and quoted from *Nave v. Nave,* 28 Mo.App. 505, 510 "If the court had no jurisdiction of the cause its decree was a nullity and should be set aside. Neither the lapse of time, nor evil results following, could prevent this."

*Beasley* is helpful in the present case only because it recognizes laches may, if supported by proof, justify not considering Timothy Brown's motion.

In this case, the motion court had no evidentiary basis to find prejudice attributable to delay. Further, Timothy Brown testified that he notified the circuit clerk the parties were never married on the day he received a copy of the dissolution decree. It is significant that there is no suggestion, and no evidence to support a finding, that Timothy Brown ever honored or benefited in any way by the decree.

On remand, the trial court must consider and decide the subject matter jurisdictional issue. It has been said, "When the law and common sense take different paths, one should suspect the law has lost its way." This saying applies to the grant of a dissolution of marriage if no marriage ever existed. The decision involves more than consideration of some form of fraud in the petition, in the default hearing or in the terms of the decree. It requires a determination on whether the judgment was void for lack of subject matter jurisdiction. This decision is more fundamental than a consideration of whether a court, with jurisdiction, should set aside a default judgment because of some form of fraud.

■ We reject an analysis that contends the motion to set aside is limited to considering if the judgment or its terms are products of fraud. The motion alleged that the judgment is void because there never was a marriage to dissolve. The fraud analysis is properly applied where there is a pleading agreeing a marriage existed but that the hearing or parts of the judgment are faulty because of some fraudulent act. *Wenzel v. Wenzel,* 283 S.W.2d 882 (Mo.App.1955) was such a case. There, the respondent spouse filed a pleading admitting the marriage. The decision really involved a motion to set aside a no contest divorce, not a default divorce, and subject matter jurisdiction was not an issue. Where a motion alleges the court never acquired subject matter jurisdiction to enter a judgment, fraud is involved but not the issue.

We read Rule 74.06(b)(4) together with 74.06(d) to permit either motions or independent actions where the issue is a void judgment. We recently defined a void judgment in *K & K Investments, Inc. v. McCoy,* 875 S.W.2d 593 (Mo.App.E.D.1994) as:

One which has no legal force or effect, invalidity of which may be asserted by any person whose rights are affected at any time and at any place directly or collaterally. One which, from its inception is and forever *continues to be absolutely null*, without legal efficacy, ineffectual to bind parties or support a right, of no legal force and effect whatever, and incapable of confirmation, ratification, or enforcement in any manner or to any degree. Judgment is a "void judgment" if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process.

*See also, Platt v. Platt,* 815 S.W.2d 82, 83 (Mo.App.1991) (quoting from Black's Law Dictionary 1574 (6th Ed.1990)).

On remand, the trial court should first consider whether the motion to set aside was untimely filed because of the lapse of an unreasonable length of time or whether the doctrine of laches applies because of delay coupled with prejudice by reason of the delay. If the motion was not unreasonably delayed and no prejudice resulted from the delay, the court should determine the issue of subject matter jurisdiction on the basis of whether there was a marriage. That determination would make the appropriate order obvious.

We reverse and remand for further proceedings in accord with this opinion.

CRANE, P.J., concurs.

CRAHAN, J., dissents in separate opinion.

CRAHAN, Judge, dissenting.

I respectfully dissent. Neither Appellant's motion nor the record before us supports a claim that the dissolution decree was a void judgment. At best, the motion alleges that the dissolution court's finding that the parties had been validly married was procured by Respondent's intrinsic fraud. That allegation will not support relief under either Rule 74.05(d) or Rule 74.06(b) because the motion to set aside was filed more than one year after entry of the judgment. Nor can such allegation form the basis for relief under Rule 74.06(d) because an independent action in equity can be used to set aside a

decree only for extrinsic fraud. Further, assuming *arguendo* that intrinsic fraud can form the basis of an independent action in equity, the record before us is sufficient to support a finding of laches.

Respondent filed the underlying dissolution action on March 9, 1990. In her petition, she averred that the parties were married on November 21, 1987 and that the marriage was registered in St. Louis City, Missouri. Respondent further averred that the parties separated on October 24, 1989 and that the marriage was irretrievably broken. She requested custody of the two children, child support, maintenance, and division of the marital property. Appellant was duly served but did not file an answer to the petition.

On May 1, 1990, the trial court conducted a hearing attended by Respondent and her attorney. Appellant did not appear. Following the hearing, the court entered a decree finding Appellant to be in default and dissolving the marriage. In its decree the court found the following:

> The Court finds that there remains no reasonable likelihood that the marriage can be preserved and that the marriage is, therefore, irretrievably broken; the Court further finds that the parties were married on November 21, 1987, and there were two children born of the marriage, namely: Timothy O'Patrick Brown, born April 5, 1988, and Andrew Lowe Brown, born June 30, 1989, and that the Petitioner is not now pregnant.

The court awarded custody of the two children to Respondent and awarded Appellant certain supervised visitation rights. Appellant was ordered to pay $152.00 per child per month for child support and to maintain medical insurance for both children. The decree also divided the marital property and ordered both parties to assume certain specified debts. The court denied maintenance and attorney fees to both parties. Neither party appealed.

On October 6, 1992, more than two years after entry of the decree, Appellant filed a motion to set aside default judgment and a motion to stay an order of the Division of

Child Support Enforcement withholding his wages. Appellant's motion to set aside alleged that the parties had never been married and the petition for dissolution was thereby procured by false, fraudulent and misleading statements by Respondent. On November 3, 1992, Respondent filed a motion to dismiss Appellant's motion to set aside the default judgment asserting that it was untimely.

The trial court held a hearing on both motions on December 1, 1992. In an order dated December 15, 1992, the court sustained Respondent's motion to dismiss Appellant's motion to set aside the default judgment and decree of dissolution of marriage.

The issue before us is not whether the parties were, in fact, validly married. Rather, the issue is whether Appellant may now offer proof that they were not. As indicated above, in the original proceeding, the trial court found as a fact that the parties *were* married.[1] No appeal was taken from that finding. The majority reasons that a trial court can never obtain "subject matter jurisdiction" to dissolve a marriage that never occurred and that an allegation that the parties were never married will therefore support a determination that the judgment dissolving the marriage was "void" within the meaning of Rule 74.06(b)(3). This reasoning fails to distinguish between the concept of subject matter jurisdiction and the quasi-jurisdictional *factual findings* a court makes in determining that a *particular case* falls within its subject matter jurisdiction.

Subject matter jurisdiction refers to the general power of the court to adjudicate the *class of suits* to which a case belongs. *Corning Truck & Radiator Serv. v. J.W.M., Inc.,* 542 S.W.2d 520, 527 (Mo.App.1976); *Farrar v. Moore,* 416 S.W.2d 711, 713 (Mo.App.1967); *Harrison v. Weisbrod,* 358 S.W.2d 277, 288 (Mo.App.1962).

Here, there is no contention that the Circuit Court of Ralls County lacked jurisdiction to adjudicate actions to dissolve marriages. Rather, the allegation is that the circuit court lacked jurisdiction to dissolve *this particular* marriage because, according to Appellant, the marriage never occurred.

The difficulty with this contention is that it is an attempt to collaterally attack a factual determination made in the dissolution case, a determination that is binding on Appellant and is not subject to collateral attack. The dissolution court expressly found that the parties had been validly married. That finding was not appealed and is binding on the parties by res judicata and collateral estoppel. The judgment is regular on its face and recites facts sufficient to bring the case within the subject matter jurisdiction of the court. Therefore, it is not "void." The judgment may be "voidable" if attacked directly in compliance with the provisions of Rules 74.05 and 74.06, but it is not subject to collateral attack. *See Wenzel v. Wenzel,* 283 S.W.2d 882, 889 (Mo.App.1955) (where jurisdictional facts appear of record and are found by a court to exist, the opposing party is precluded from showing they did not exist as a matter of fact, except upon proceedings by appeal).

In support of its determination that the allegations in the motion are sufficient to support a finding that the judgment was void, the majority relies on *K & K Investments, Inc. v. McCoy,* 875 S.W.2d 593 (Mo.App.1994), which is clearly distinguishable. In *K & K Investments,* the *record in the underlying suit* showed, *inter alia,* that the parties seeking to set aside the judgment had never been properly served and that no authorization had been obtained to add them as parties to the suit. Thus, the judgment was void because of irregularities that were clearly apparent from the record in the underlying suit. In contrast, the record in this case is completely regular on its face and contains explicit factual findings which support the court's exercise of jurisdiction.

Where a default judgment is regular on its face and not "void," the rules provide three potential mechanisms for setting it aside. The first is a motion to set aside the default judgment pursuant to Rule 74.05. That procedure is unavailable here because Appel-

---

1. Indeed, by his default, Appellant admitted the traversable allegations of fact set forth in the petition. *See Maynard v. Maynard,* 601 S.W.2d 649 (Mo.App.1980).

lant's motion was not filed within one year of the default. Rule 74.05(d).

The second procedure is a motion to set the judgment aside for fraud pursuant to Rule 74.06(b)(2). That is what Appellant sought to do in his motion. Appellant alleged that the judgment was procured by Respondent's fraudulent pleadings and testimony that the parties had been validly married. This is an allegation of intrinsic fraud. *Vinson v. Vinson,* 725 S.W.2d 121, 124 (Mo. App.1987). This contention is also barred because it was not filed within one year. Rule 74.06(c).

The third mechanism is an independent action to set aside the judgment for fraud upon the court. That remedy is unavailable in this case because equity may be used to set aside a divorce decree only for *extrinsic* fraud. *McKarnin v. McKarnin,* 795 S.W.2d 436, 439–40 (Mo.App.1990); *see also, Pope v. State,* 819 S.W.2d 397, 399 (Mo.App.1991). False averments in a divorce petition, false statements in an affidavit, and false testimony do not constitute extrinsic fraud. *Vinson,* 725 S.W.2d at 124 (Mo.App.1987). The allegations of fraud in Appellant's motion are intrinsic and are therefore insufficient to authorize a court of equity to set aside the decree.

The distinction between intrinsic and extrinsic fraud in the context of an independent suit in equity is sensible because extrinsic fraud is conduct which deprives a party of the opportunity to litigate the facts determined in the initial suit. *See, e.g., McKarnin,* 795 S.W.2d at 439; *Lincoln Steel v. Mid–Continent Nat'l Bank,* 646 S.W.2d 809, 811 (Mo.App.1982). Where extrinsic fraud can be shown, collateral estoppel does not bar relitigation of the facts determined in the initial suit because one of the requirements for collateral estoppel is that the party to be estopped had a full and fair opportunity to litigate the issue in the prior suit. *Oates v. Safeco Ins. Co. of America,* 583 S.W.2d 713, 719 (Mo. banc 1979); *Hudson v. Carr,* 668 S.W.2d 68, 70 (Mo. banc 1984).

In contrast, a claim of intrinsic fraud is an attempt to relitigate facts or issues the parties had an opportunity to contest in the prior suit. If parties were free to relitigate facts they had an opportunity to contest in a prior suit, there would be no finality of judgments. Disappointed parties could simply claim that the other party lied and seek a better result in a more favorable venue by filing an independent suit in equity. Fortunately, this is not the law. Parties claiming that a judgment was procured by intrinsic fraud must raise such claims by motion in the court that rendered the judgment and within the time limits specified in Rule 74.06(c). In my view, this rule applies regardless of whether the facts the party is seeking to relitigate are jurisdictional facts or other facts supporting the judgment. Any other approach would undermine the finality of judgments and violate established principles of collateral estoppel.

Appellant's motion made no claim of extrinsic fraud. Although Appellant testified at the hearing that his conversations with Respondent led him to believe the dissolution was not going to be pursued, the trial court was not required to believe him.[2] Appellant admitted that he had been duly served with the petition and that he received notice of the default judgment shortly after it was entered. Appellant admitted that he called the clerk's office to inform the clerk that a mistake had been made and was told that he would need to consult an attorney to pursue the matter with the court. Appellant did consult with an attorney but did not pursue the matter because the attorney demanded a retainer. Throughout the period, Appellant had another attorney representing him in connection with a criminal matter but did nothing to raise his claims of intrinsic fraud until an order was entered withholding his wages for child support. Such claims of intrinsic fraud are now barred by Rule 74.06(c) and cannot be addressed in an independent suit in equity.

---

**2.** There was ample basis for questioning Appellant's credibility. Appellant conceded that he may have represented to others that the parties had been married but could not remember whether he had so stated under oath at a hearing in connection with a criminal charge against him.

Even assuming claims of intrinsic fraud could be addressed in an independent suit in equity, the record fully supports a determination that the claims are barred by laches. This was one of the alternative grounds raised in Respondent's motion to dismiss and, absent a statement by the trial court of the reasons for granting the motion, we must consider whether the trial court's action can be sustained on any of the grounds raised. *Shockley v. Harry Sander Realty Co.,* 771 S.W.2d 922, 924 (Mo.App.1989).

The majority finds no evidence to support a finding of laches on the ground that Respondent offered no evidence of prejudice. In my view, prejudice is apparent from the terms of the decree, Appellant's testimony and the relief sought by Appellant in his motion. The decree did not merely dissolve the marriage, it ordered Appellant to pay child support for his two children. Appellant admitted at the hearing on his motion that he was their father. Among the items of relief requested, however, was an order staying the Division of Child Support Enforcement order withholding his wages to collect the child support that had been ordered in the decree.

Had Appellant come forward promptly when he learned of the judgment and successfully moved to have it set aside, paternity and a similar support obligation could have been established at the same time. Instead, Appellant waited over two years, failed to make child support payments, and now seeks to have the withholding order to collect those payments set aside on the ground that the original judgment was procured through Respondent's fraud. In my view, such unexcused delay is sufficiently prejudicial to the children's interests to support a finding of laches. Appellant should not be permitted to profit from his inattentiveness to his acknowledged obligations.

I would affirm the judgment of the trial court.